IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENRICK SHERN WILKERSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0659-B |
| | § | |
| D.A. BROOKE, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Senrick Shern Wilkerson, a Texas prisoner, against a Dallas police officer, a prosecutor, his former attorney, and a witness who testified against him at trial. On March 31, 2011, plaintiff tendered a complaint to the district clerk. Although plaintiff did not file a motion to proceed *in forma pauperis*, information obtained from Dallas County jail officials indicates that plaintiff lacks the funds necessary to prosecute this case. The court therefore granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on April 21, 2011. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

In September 2010, plaintiff was arrested on charges of sexual assault of a child, compelling prostitution, and sexual performance by a child. (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #3-4). He was convicted of those charges and sentenced to eight years confinement on December 17, 2010. (*See* Mag. J. Interrog. #3). As best the court can decipher his complaint and interrogatory answers, plaintiff appears to allege that he was wrongfully arrested and convicted, that a Dallas police officer and the prosecutor coerced the complaining witness to testify falsely at trial, that he was denied due process, and that he received ineffective assistance of counsel. (*See* Mag. J. Interrog. #1). By this suit, plaintiff seeks unspecified monetary damages and immediate release from custody.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain

detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the prosecutor, his former attorney, and the witness who testified against him at trial. Prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976). Private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Featherson v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Witnesses also have absolute immunity based on their testimony in a criminal trial. *See Mowbray v. Cameron County*, 274 F.3d 269, 277 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 1912 (2002), *citing Briscoe v. LaHue*, 460 U.S. 325, 329-31, 103 S.Ct. 1108, 1112-14, 75 L.Ed.2d 96 (1983). The claims against these defendants should be summarily dismissed.

C.

Moreover, plaintiff's claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that a state prisoner cannot bring a section 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by

a state tribunal or federal court. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* If so, the claim is barred. *Id.; see also Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

Plaintiff generally alleges that he was wrongfully convicted based on perjured testimony, that his due process rights were violated both before and during trial, and that he received ineffective assistance of counsel. (*See* Plf. Am. Compl. at 4, ¶ V; Mag. J. Interrog. #3, 7). Such claims necessarily imply the invalidity of plaintiff's conviction, which has never been declared invalid by a state tribunal or federal court. (*See* Mag. J. Interrog. #6). Plaintiff is therefore precluded from maintaining a civil rights action under 42 U.S.C. § 1983. *See, e.g. Castellano v. Fragozo*, 352 F.3d 939, 959-60 (5th Cir. 2003), *cert. denied*, 125 S.Ct. 31 (2004) (civil rights claim based on manufactured evidence and perjured testimony does not accrue until state court dismisses underlying criminal action); *Jones v. Foster*, No. 3-08-CV-0366-D, 2008 WL 2604813 at *2 (N.D. Tex. Jun. 30, 2008) (same as to allegations of unlawful arrest); *Berry v. Grett*, No. 3-08-CV-1052-M, 2008 WL 3382572 at *3 (N.D. Tex. Aug. 4, 2008) (claims that plaintiff received ineffective assistance of counsel and was falsely arrested, that prosecutor withheld favorable evidence, and that judge was biased all barred by *Heck*).[1]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] To the extent plaintiff seeks release from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Maldonado v. Anderson*, No. 4-03-CV-0089-Y, 2003 WL 21212620 at *2 (N.D. Tex. May 13, 2003).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 29, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE